UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TOWAUN COLEMAN,

                Petitioner,

                                             **MEMORANDUM & ORDER**

    -against-

                                             10 CV 2344 (RJD)

JAMES BERBARY, Superintendent,
    Collins Correctional Facility,

                Respondent.
-----------------------------------------------------------x
DEARIE, Chief Judge.

      Petitioner Towaun Coleman was convicted, after a jury trial, of three counts of robbery in the first degree, two counts of burglary in the first degree, and two counts of possessing stolen property, and sentenced to five twenty-year prison terms for the robbery and burglary counts and two one-year terms for the stolen property counts, all terms to run concurrently. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d).

      For the reasons that follow, the application is denied and the petition dismissed.

      Petitioner's first claim is that police did not have probable cause to stop him and that the fruits of that detention, including show-up identifications and certain stolen property, should have been suppressed. Petitioner first raised this claim pre-trial and was afforded an evidentiary hearing, at the close of which the court denied the motion to suppress.

      The Appellate Division also rejected the claim:

> the Supreme Court did not err in denying those branches of [petitioner's] omnibus motion which were to suppress certain identification testimony and physical evidence, as the evidence at the suppression hearing permitted the Supreme Court to infer that the two police officers who stopped and detained [petitioner] just

prior to his arrest had reasonable suspicion to do so based on the information that they had received minutes earlier from a radio transmission made by another officer.

People v. Coleman, 62 A.D. 3d 810, 810-11 (2d Dep't 2009).

Habeas review of this Fourth Amendment claim, therefore, is barred by Stone v. Powell, 428 U.S. 465 (1976). The New York procedures for litigating Fourth Amendment claims are "facially adequate," Graham v. Costello, 299 F.3d 129, 134 (2d Cir.2002), petitioner fully availed himself of those procedures and, petitioner's disappointment with the result notwithstanding, there was no "unconscionable breakdown" in that process. Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992). Stone, therefore, squarely bars habeas review. See Graham, 299 F.3d at 134 (Stone's "bar to federal habeas review of Fourth Amendment claims is permanent and incurable" where the state provides a full and fair opportunity to litigate the claim).

In his second claim, petitioner challenges the show-up identifications not as the tainted fruit of an unlawful arrest but on the grounds of suggestiveness. He also argues that their admission deprived him of a fair trial. The claim is unexhausted, however, because petitioner did not raise it at either the trial or appellate level in the state court; because petitioner has no state forum to which he might now return to raise the claim, the claim is also forfeited. See generally Teague v. Lane, 489 U.S. 288, 297-98 (1989); Grey v. Hoke, 933 F.2d 117 (2d Cir. 1991). Although habeas review of a procedurally defaulted constitutional claim is permissible when a petitioner demonstrates "cause" for the default and resulting "actual prejudice," Coleman v. Thompson, 501 U.S. 722, 748-50 (1991), or if he makes a colorable claim of actual innocence, Murray v. Carrier, 477 U.S. 478, 496 (1986), petitioner has made no such showing here, so the claim may not be considered on habeas.

Petitioner's third claim is that certain comments made by the prosecutor during summation denied him a fair trial. The Appellate Division concluded that petitioner "failed to object or raised only a general objection to those comments" at trial as required by C.P.L. §470.05 and thus "failed to preserve [the claim] for appellate review." Coleman, 62 A.D.3d at 811. Because the state court rejected the claim on state procedural grounds, the claim is barred from habeas review. Coleman, 501 U.S. at 729-30 (claims are procedurally barred from habeas review if rejected in state court on independent and adequate state-law procedural grounds); Garvey v. Duncan, 485 F.3d 709, 715-16 (2d Cir. 2007) (New York's contemporaneous objection rule is a "firmly established and regularly followed state law" and thus qualifies as "independent and adequate state law ground"). A petitioner's failure to preserve a claim at trial is not a mistake that a habeas court may simply overlook. See Coleman, 501 U.S. at 732 ("In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases."). Because petitioner has not asserted the cause and prejudice that might excuse the procedural default, nor a colorable claim of innocence, his prosecutorial misconduct claim may not be reviewed on habeas.

## CONCLUSION

For all the foregoing reasons, the application for a writ of habeas corpus is denied and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. The

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
February __, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge